THE COUNTY OF BERGEN, BY ITS BOARD OF CHOSEN FREEHOLDERS, PROSECUTOR-APPELLANT, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND FRANK F. DZERK, DEFENDANTS-RESPONDENTS.

Argued May 19, 1948—Decided September 3, 1948.

For the appellant, *Milton T. Lasher*.

For the Civil Service Commission, *Walter D. Van Riper*, Attorney-General, and *Louis S. Cohen*, Deputy Attorney-General.

For Frank F. Dzerk, *Milton B. Conford* and *John J. Breen*.

The opinion of the court was delivered by

COLIE, J.   On May 16th, 1947, the Civil Service Commission certified Frank F. Dzerk and others as eligible for appointment to the Bergen County Traffic Police Department. On May 21st the Board of Freeholders made a number of appointments of traffic patrolmen but passed over Mr. Dzerk who was fourth on the list certified by the Commission.   Mr.

Dzerk was a disabled veteran, holding a medical discharge from the army as a result of a head injury or injuries and a nervous breakdown. All of the candidates were examined by Dr. Raphael S. Gilady, acting for the Board of Freeholders. He reported that Mr. Dzerk was in perfect physical condition but recommended examination in a mental hygiene clinic and the opinion of a psychiatrist as to his mental stability. The Board of Freeholders requested the Commission to arrange for a psychiatric examination of all candidates which was refused. The Board of Freeholders then engaged Dr. Laurence M. Collins, clinical director of the New Jersey State Hospital at Greystone Park, to make an examination. His opinion was that Mr. Dzerk was "not capable of assuming the duties and responsibilities required in a police officer."

The Commission held a hearing and rendered its decision ordering the Board of Freeholders "to appoint for the usual probationary period Frank F. Dzerk."

The Board of Freeholders applied for and was granted ule to show cause why *certiorari* should not be allowed to review the decision of the Civil Service Commission. Depositions were taken and upon the return of the rule it was stipulated that the Supreme Court decide the meritorious question and make a final determination. Before the Supreme Court was the deposition of Dr. S. Philip Goodhart, a qualified psychiatrist, whose opinion was that "Mr. Dzerk physically and mentally shows a condition which merits his acceptance for a probationary period as police officer."

The Supreme Court affirmed the action of the Civil Service Commission directing the appointment of Mr. Dzerk for the probationary period, relying upon the decisions of that court in *Civil Service Commission* v. *Rife*, 128 *N. J. L.* 503, and *Morgan* v. *Civil Service Commission*, 131 *Id.* 410.

The question for decision is whether the appointing body, in this case the Bergen County Board of Freeholders, was required to appoint a disabled veteran to the county police force, such veteran having been certified by the Civil Service Commission despite the fact that the veteran, in the judgment of the Board of Freeholders, should not be appointed because of an asserted neurotic condition.

The answer must be found in the statutes relative to veterans' preferences in force in 1947. They read as follows:

*R. S.* 11:27–3. "Veterans with a record of disability incurred in line of duty, as herein defined in Section 11:27–1 of this Title, who shall receive a passing rating in competitive examinations or tests as herein provided for entrance into the public service, shall be placed at the top of the employment list in the order of their respective final ratings."

*R. S.* 11:27–4: "The Civil Service Commission shall certify to the appointing authority the names and addresses of the three candidates standing highest upon the register for each position to be filled, and such appointing authority shall select one of the three so certified; provided, however, that whenever the name or names of a veteran or veterans shall be among those certified to the appointing authority the choice of the appointing authority shall be limited to the veteran or veterans whose name or names are included in such certification; whenever the names of two or more veterans shall be amongst those certified to the appointing authority, the appointing authority shall appoint the veteran whose standing is the highest on the register for the position to be filled."

*R. S.* 11:27–5. "Veterans who shall receive a passing rating in competitive examinations or tests, as herein provided, for entrance into the public service shall be placed on the employment list in the order of their respective final ratings immediately after veterans with a record of disability incurred in line of duty."

Section 5 is substantially different from the same section as it read in 1938, prior to the 1946 amendment. It then read:

"The fact that a veteran has successfully passed the prescribed examination or test and that his name has been placed upon the employment list and certified as eligible for appointment is evidence that such veteran is qualified to perform the duties of the position and as entitling him to appointment. Before such appointive power in such case shall select a non-veteran and leave unappointed any veteran who has been certified as being eligible, such appointive power shall show cause before the Civil Service Commission why

such veteran should not be appointed, at which time such veteran or veterans may be privileged to attend and present evidence. Unless good cause be then shown, said Civil Service Commission shall order the immediate appointment of such veteran. Said Civil Service Commission shall be the sole judge of the facts constituting such qualifications."

The distinguishing feature between the 1946 and 1938 enactments lies in the elimination from the 1946 statute of any provision relating to the procedure to be followed in cases where the appointive power selects a non-veteran and leaves unappointed a veteran.

The 1938 statute was under scrutiny in *Civil Service Commission* v. *Rife* and *Morgan* v. *Civil Service Commission, supra.* *R. S.* 11:27–3 as amended in 1946 provides that disabled veterans who pass competitive examinations or tests *"shall* be placed at the top of the employment list in the order of their respective final ratings." The use of the mandatory "shall" is significant as is the omission of any provision requiring the appointive power to show cause for the appointment of a non-veteran in preference to a veteran. Together they point strongly to a legislative intent to take from the appointive body discretionary power of appointment in the case of a veteran or disabled veteran. Such an intent fits into the pattern of a gradual liberalization of veteran's preference laws and is understandable, following as it did so closely upon the termination of the Second World War. Our task is to determine the intent, not the wisdom of the enactment.

We deem it wise to point out that *Collins* v. *Magee,* 121 *N. J. L.* 491, relied upon by appellant, is not applicable. There the business capacity and fitness of a veteran was involved and the court held that the appointive power had a degree of discretion in determining business fitness. It should be-noted that the statute before the court in the cited case provided that certification by the commission "shall be regarded as evidence that he possessed the business capacity and is qualified to perform the duties of the position." Neither the quoted nor comparable language is to be found in the 1946 amendments of *R. S.* 11:27–3, 4 or 5.

The judgment under review is affirmed.

692

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, COLIE, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 12.

*For reversal*—None.