70 N.J. Super. 559 (1961)
176 A.2d 294
ROSE ANN ABRAMS, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1961.
Decided December 1, 1961.
*560 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Sol Phillips Perlman argued the cause for appellant (Messrs. Perlman & Lerner, attorneys and of counsel).
Mr. William L. Boyan, Deputy Attorney General, argued the cause for respondent (Mr. David D. Furman, Attorney General, attorney; Mr. Boyan, of counsel).
The opinion of the court was delivered by LEONARD, J.S.C. (temporarily assigned).
This is an appeal from a final determination and order of the Department of Civil Service, State of New Jersey, wherein the action of the Department's Chief Examiner and Secretary denying appellant's claim to a disabled veteran's preference under N.J.S.A. 11:27-1.2 was held proper.
On or about July 1, 1959 the Department of Civil Service (Department) issued an announcement bulletin which listed a number of competitive examinations for various titles and positions, including one for "Buyer (S228)." The closing date for filing applications therefor was fixed at Friday, May 29, 1959 and the written examination was scheduled in July 1959. This examination was conducted as scheduled, and in September 1959 notice of the results was sent to successful and unsuccessful applicants, at which time the former were called in for oral examination. In December 1959 the employment list, in accordance with the respective final ratings of applicants, was established and recorded.
*561 On May 28, 1959 Harry A. Abrams, husband of appellant, filed his application to take the examination for the position of "Buyer (S228)." On the same date he also filed adequate proofs that he was a disabled veteran entitled to preference under N.J.S.A. 11:27-1. The following day, May 29, appellant filed an application for the same position claiming the derivative disabled veteran status under N.J.S.A. 11:27-1.2. Appellant contended below that at the same time she also filed her husband's written waiver which is required by N.J.S.A. 11:27-1.2. This was disputed, and Department determined that this waiver was not filed until October 12, 1959 (when, on advice of her attorney, she refiled all relevant papers).
Both appellant and her husband took the examination for "Buyer (S228)." She passed the same and is presently sixteenth on the employment list.
While the entire transcript of the proceedings before Department was not reproduced by the parties to this appeal, we have, at our request, received the same. It appears therefrom that the husband testified, in part, as follows:
"Q. Did you file an application for a Civil Service examination for Buyer, S 228? A. I did, sir.
Q. Do you recall when you made that application out? A. The evening of the 27th, to the best of my memory.
Q. Do you recall having sought out from the Veterans Administration at Newark an essential paper having to do with your receiving disability benefits or something of that kind? A. Yes, sir. I received that, that morning.
Q. Do you recall being present when your wife filled out her examination application for Buyer, S 228? A. Yes, I do.
Q. How did it come about that both you and she filed for the examination? A. When I told her I was going to go for Buyer she said, `I think I will do the same thing.' We always had a standing joke about who was going to beat the other.
Q. She wound up beating you? A. That's right.

* * * * * * * *
Q. Were you present when she filled out Exhibit A-1? A. That's right.
Q. Did you see the detail about your military service? Did you give that to her or did she have it? A. She waited until I had my *562 information written down and then she copied. She had everything finished except that.
Q. There is another paper that came from the Veterans Administration dated May 26th. I am showing you A-3 for identification. Do you recall receiving that letter of May 27th from the Veterans Administration? A. Yes, I received that that morning, the 27th.
Q. Was that used by you in making up your application and in helping her to make hers up on the evening of the 27th? A. Yes, sir."
He also admitted therein that he "failed this examination."
It was stipulated that appellant's husband was a disabled veteran entitled to preference within the meaning of N.J.S.A. 11:27-1, and that on May 28, 1959 neither he nor appellant was in the employment of the State, any county, municipality or school district, nor is either presently so employed.
Appellant does not now contest the aforesaid determination of Department that she did not file her husband's written waiver until October 12, 1959. However, on this appeal her position is that within "a few days after the closing date" Department advised her not to file it since her claim for a derivative preference would not be recognized in any event. Conceding that she was so advised, Department nevertheless urges that it is conclusively established that this waiver was not filed on or before said closing date.
Appellant seeks a veteran's preference under N.J.S.A. 11:27-1.2, which provides as follows:
"The wife of any veteran having a record of disability incurred in the line of duty shall be entitled to the same preference under chapter twenty-seven of Title 11 of the Revised Statutes as the said veteran is entitled to, so long as the said veteran is not in the service of the State or of any county, municipality or school district operating under the provisions of subtitle three of Title 11 of the Revised Statutes; provided, however, that the said veteran, if able to do so, waives, in writing, all preference given to him by said chapter twenty-seven, so long as his wife is employed by the State or any county, municipality or school district operating under the provisions of subtitle three of Title 11 of the Revised Statutes. * * *"
*563 "A veteran having a record of disability incurred in line of duty" is specifically defined by N.J.S.A. 11:27-1 as:
"* * * any veteran as hereinafter defined who is eligible under the United States veterans' bureau qualifications for compensation for service-connected disability from World War service or who is receiving or who is entitled to receive equivalent compensation for service-connected disability arising out of such other military or naval service hereinafter defined, and has presented to the Civil Service Commission of New Jersey full and convincing evidence of such record of disability incurred in line of duty on or before the announced closing date for filing applications for a particular examination." (Emphasis added)
Appellant argues that N.J.S.A. 11:27-1 expressly and emphatically limits the time in which a disabled veteran must qualify for a preference, while N.J.S.A. 11:27-1.2 specifies no time limit within which his wife must submit his written waiver. From this, appellant reasons, Department has not the power or the right to deny the wife a preference merely because she did not file the waiver until after the examination and her husband had previously made application therefor.
Thus, we are called upon to construe the aforementioned statutes. In so doing, our inquiry is to ascertain legislative intent. Lynch v. Borough of Edgewater, 8 N.J. 279, 286 (1951). This intent is to be derived from a view of the entire statute and all sections must be read together in the light of the general intent of the act so that the auxiliary effect of each individual part of a section is made consistent with the whole. Febbi v. Board of Review, 35 N.J. 601, 606 (1961).
Under N.J.S.A. 11:27-3 the preference (placement at the top of employment list) is created for "[v]eterans with a record of disability incurred in line of duty, as * * * defined in section 11:27-1 * * *." This latter section includes in its definition the requirement that the record of such disability be presented to Department on or before the closing date. That it is mandatory for the veteran to so present this evidence is not disputed. *564 See Belfer v. Borrella, 9 N.J. Super. 287 (App. Div. 1950). N.J.S.A. 11:27-1.2 provides that the wife of such disabled veteran shall be entitled to the same preference as said veteran is entitled to. Thus she must, before closing date, not only make claim to the same but present evidence of the record of her husband's disability. But the statute further limits her right thereto; he must waive his preference in writing. Without this, she is not entitled to the preference. Consequently, we conclude that the waiver must be filed when her claim for preference is made; i.e., before the closing date. To construe these statutes otherwise would give the wife not the "same preference" but a broader one; it is clear from the language used that the Legislature never intended this result.
Appellant also contends that both husband and wife could claim the preference in the same examination and, before promulgation of the final result thereof, one of them (the husband) could waive the same. She urges liberal interpretation of these statutes to favor the disabled veteran and his wife.
Department, in its determination, answered that as follows:
"However, the Hearing Commissioners do not believe this statute was designed to permit a husband and wife to take the same examination with both claiming the status of disabled veteran and then, at some future date, to decide which one would ultimately receive the preference benefits.

* * * * * * * *
The Hearing Commissioners do not believe that applicants for a Civil Service position who are either veterans or non-veterans, without disabled veteran's status, should be compelled to compete against two persons using the same disabled veteran's status."
We agree with the reasoning thereof. The aforementioned rule of construction (Febbi, supra) leads us to conclude that appellant's contention is unsound, even though we construe the language used most liberally. It would permit both husband and wife, as attempted herein, *565 to use the preference for the advantage of the one who "beat the other" in the written examination.
A further condition to the wife's preference is the statutory mandate that husband not be in public civil service employment and that his waiver is effective "so long as she is so employed." Once one has had the benefit of such preference in securing this type of employment, the other is barred during the same period from claiming the benefit thereof. This is an expression of the clear legislative policy that only one spouse might claim the preference at a time.
Affirmed.