90 N.J. Super. 176 (1966)
216 A.2d 611
KATHLEEN B. CHESTER, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1966.
Decided January 31, 1966.
*177 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. John B.M. Frohling argued the cause for appellant.
Mr. Morton Anekstein, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
PER CURIAM.
This is an appeal by Mrs. Kathleen B. Chester from a final decision of the Department of Civil Service, disallowing her claim to a preference under N.J.S.A. 11:27-1.2, as the wife of a disabled veteran, on the list of successful candidates who passed the civil service examination for the position of Court Clerk, Hudson County, held on September 25, 1964. If the preference had been granted, Mrs. Chester would have been entitled to be placed first on the list. Disallowance of the preference reduced her place on the list to number 27. As a result, she was not appointed to the position.
*178 N.J.S.A. 11:27-1.2 provides in part:
"The wife of any veteran having a record of disability incurred in line of duty shall be entitled to the same preference under chapter twenty-seven of Title 11 of the Revised Statutes as the said veteran is entitled to, so long as the said veteran is not in the service of the State or of any county, municipality or school district operating under the provisions of subtitle three of Title 11 of the Revised Statutes * * *." (Italics ours)
It is undisputed that Mrs. Chester is the wife of a veteran having a record of disability incurred in line of duty.
The Department of Civil Service denied the DV preference to Mrs. Chester on the sole ground that her veteran husband was in the service of Hudson County as a senior probation officer on July 31, 1964, the announced closing date for receiving applications to take the civil service examination for court clerk. It ruled that the controlling date for determining whether or not a wife is entitled to claim the veteran's preference of her husband is the announced closing date for filing an application. The Department's bulletin, with reference to the court clerk's examination, had specified:
"In order to receive consideration, application blanks must be postmarked prior to 12 o'clock midnight of the announced closing date or be received before the close of business on that day at the office of the Department of Civil Service, State House, Trenton."
It is conceded that Mrs. Chester's application, in which she claimed the DV preference, was stamped as having been received at the Department's office on July 29, 1964, before the closing date. A written waiver by Mr. Chester of his DV preference, as required by N.J.S.A. 11:27-1.2, was attached to the application. The Department sent its form CS-47A to Mrs. Chester, to be executed in support of her preference claim. She received it on August 3, 1964 and returned it the same day. It was stamped as having been received by the Department at its office on August 4, 1964. Question number 2(F) on that form asked: "Is your husband at the present time employed by the State or any county *179 or municipality operating under civil service?" (Italics ours) Mrs. Chester's answer thereto was, "No." This was true. Her husband had retired from his position as a probation officer on a disability pension, effective August 1, 1964. He has not been in any public position since that time. His application for retirement had been submitted in early June 1964 and had been approved by the pension commission on June 24, 1964, prior to but not effective until August 1, 1964. Mr. Chester performed no services for the county during July 1964, being on terminal leave during that entire month.
The Department's position is that Mr. Chester was in the service of the county until 12 o'clock midnight on July 31, 1964, because his retirement was not effective until August 1, 1964, and this disqualified his wife from claiming a DV preference on an application for a civil service position, where the closing time for receiving such applications was 12 o'clock midnight on July 31, 1964.
We find the Department's interpretation to be an unrealistic splitting of hairs and an unreasonable application of the law giving to a disabled veteran and his wife a preference under the civil service law. Statutes such as the one under consideration are to be liberally construed. Bergen County v. Civil Service Commission, 137 N.J.L. 688, 691 (E. & A. 1948). The Department would reduce grant of the preference or its refusal to an infinitesimal part of a second. In its view, if Mr. Chester's retirement had become effective a fraction of a second before midnight of July 31, 1964, Mrs. Chester would be entitled to the DV preference. The Department regards Mr. Chester's retirement as beginning one second after midnight of the closing date for receiving applications and thus treats him as in the service of the county on July 31, 1964 at the magic stroke of midnight.
Technically speaking, the ending of July 31, 1964 and the beginning of August 1, 1964 occurred at the same instant. Accordingly, Mr. Chester was out of the service of the county at the deadline for filing applications for this civil *180 service examination. The policy of the law is not to deal in fractional parts of days, hours, minutes or seconds in situations such as this, but to carry out the legislative intent. United States Steel Corp. v. Director, Div. of Taxation, 38 N.J. 533, 539 (1962). This is not a case where both a husband and wife were seeking to use a DV preference at the same time, as in Abrams v. Department of Civil Service, 70 N.J. Super. 559 (App. Div. 1961). Only in the most theoretical sense could it be argued that Mr. Chester was in the service of the county up until midnight of July 31. Even if he had worked that day for the county  instead of being on terminal leave  his work day would have ended about 4 P.M. As noted above, his retirement for disability had already been acted upon favorably well in advance of that date and he was on terminal leave for the whole month of July.
We conclude that Mr. Chester was not in the service of the county at the closing time for filing applications to take the civil service examination in issue. Concededly, he was not in the service of the county thereafter. Accordingly, Mrs. Chester should not have been denied the DV preference on the list of successful candidates.
The final decision of the Department of Civil Service is reversed and the matter is remanded to the Department for further proceedings consistent with this opinion.