Robert L. CROWTHER, d/b/a Crowther
Rent-A-Car, Plaintiff,

v.

AVIS RENT-A-CAR SYSTEM, INC.,
a corporation, Defendant.

Civ. A. No. 7620.

United States District Court
W. D. Washington, N. D.

May 24, 1968.

Terence Hanley, of Arthur & Hanley, Bremerton, Wash., for plaintiff.

James L. Magee, of Skeel, McKelvy, Henke, Evenson & Uhlmann, Seattle, Wash., for defendant.

## MEMORANDUM OPINION

BEEKS, District Judge.

This action was instituted by the licensee for certain cities in Kitsap County of Avis Rent-A-Car System, Inc., to test the validity of a purported termination by Avis of the license agreement between them. This Court's jurisdiction is grounded upon diversity of citizenship and the requisite amount in controversy. The parties have stipulated to all the relevant facts, and both have moved for summary judgment.

On April 1, 1963, the parties entered into a written license agreement which had been drafted by Avis. Paragraph 14 of that agreement, which dealt with termination, provides in relevant part as follows:

14. Termination.

Either party hereto shall have the right to terminate this Agreement at

any time after one year from the date hereof with or without cause, except that after * * * 5 years from the date Licensee first became an Avis System licensee, * * * Licensor may terminate under this Section 14 only with cause; * * *. Either party exercising its right to terminate under this Section 14 shall give to the other party hereto, at least 90 days prior to the January 1, or April 1 or July 1 or October 1 preceding or coinciding with such termination date, written notice of its election to do so * * *.

The other relevant portion thereof is paragraph 17, which reads:

17. This Agreement shall be construed in accordance with the law of New York.

Avis gave notice to plaintiff of termination of the license agreement by registered letter dated November 27, 1967, and received a few days thereafter. The letter stated no cause for the termination, and the parties have stipulated that, "for purposes of this lawsuit Avis is basing its claim of termination solely on its right under the license agreement to terminate without cause." The letter of termination further provided, "This termination shall be effective as of midnight, March 31, 1968." The decisive question is whether the notice of termination was sufficient, under the terms of the license agreement.

■ The threshold problem for determination is, what was the latest date Avis could terminate the agreement without cause? The agreement, signed April 1, 1963, provides that Avis can terminate only with cause after five years from the date of signing. The parties differ on whether April 1, 1968 comes within that initial five year period. The Court is convinced, however, that under the New York statute cited by Avis, and the cases interpreting that statute, the day the agreement was signed is excluded in counting the five year period; and therefore April 1, 1968 was within

the period, and Avis had the power to terminate on that date without cause.

■ The next problem is to determine what the notice provision required of the parties for a valid termination. Plaintiff takes the position that, under Section 14, the agreement could only be terminated on one of four dates: January 1, April 1, July 1, or October 1. This construction is patently incorrect, as a careful reading of that clause will show. Under its provisions, the agreement can be terminated at *any* time. For notice of the termination to be valid, however, it must be given 90 days prior to the quarterly date which preceded the termination date. If the termination date happened also to be a quarterly date, 90 days' notice was sufficient.

From this, it is apparent that, for a termination on April 1, 1968, notice was required at least 90 days prior thereto; but for a termination on March 31, 1968, notice was required at least 90 days prior to January 1, 1968.

Avis gave its notice of termination in November of 1967. Such notice therefore would be sufficient for a termination on April 1, 1968, but not for a termination on March 31, 1968.

The problem before the Court, therefore, reduces to whether the notice given by Avis, which provided, "This termination shall be effective as of midnight, March 31, 1968," specified a termination date of March 31, 1968, or of April 1, 1968.

The starting point in considering whether the notice of termination can be so construed is the universal and long-familiar principle of construction which is aptly stated in the Restatement of Contracts as follows:

"Since one who speaks or writes, can, by exactness of expression, more easily prevent mistakes in meaning, than one with whom he is dealing, doubts arising from ambiguity of language are resolved against the former in favor of the latter." Restatement of Contracts, § 236, comment (d) (1932).

Avis takes the position that "midnight" is a point in time, not a period of time; and that it divides two days, while not includible in either. This argument proves too much; for to establish the validity of its attempted termination, Avis must establish that "midnight, March 31, 1968" is the legal equivalent of "April 1, 1968."

No case has been cited to the Court in which it has been squarely held that midnight, the point in time, lies exclusively within the day which precedes it, or within the day which follows it, or in both or neither. But the Court notes that in Goldberg v. Mutual Life Ins. Co. of New York, 263 App.Div. 10, 31 N.Y.S.2d 154 (1941), affirmed 288 N.Y. 662, 43 N.E. 2d 69 (1942), the New York court at least implicitly held that midnight on a given date comes at the end of that date; and makes no suggestion that that point in time is also included in the following day.

In Chester v. Department of Civil Service, 90 N.J.Super. 176, 216 A.2d 611 (1966), the Court held, "Technically speaking, the ending of July 31, 1964 and the beginning of August 1, 1964 occurred at the same instant." (216 A.2d at 613). This would suggest that a given midnight can be considered a point in two different days. Assuming this to be true, Avis nevertheless elected by the wording of its notice of termination to treat midnight as a point in March 31, 1968, rather than as a point in April 1, 1968, and will not now be heard to urge a contrary construction.

██ In view of the fact that the notice of termination must be construed against Avis, who drafted it, and in view of the absence of authority in support of Avis's position, this Court concludes that the notice of termination must be construed to provide as indicated on its face: namely, for a termination of the agreement on March 31, 1968. This being the case, the notice given in November of 1967 was not timely, and plaintiff's motion for summary judgment must be granted.

Without question, this is a harsh result, because the notice of termination would have been valid if it had provided, "effective as of 12:01 a. m. April 1st, 1968." This is not a case, however, where the outcome is to be determined by a balancing or weighing of the equities, and this court is without power to make a new contract for the parties or to reform the wording of the notice of termination. Avis drafted the license agreement, made the determination as to whether, when and how it was to be terminated, drafted the notice of termination, and must now live with the result.

Plaintiff's counsel may present a decree in accordance herewith upon five days' notice.